UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SHER'MON A. ALLEN,

    Plaintiff,

v.                                         Case No.: 2:23-cv-1060-SPC-NPM

TREVOR RATIGAN, GRAIG
BROCK and JEAN ASTREIDE,

    Defendants.
_____/

## **OPINION AND ORDER**

Before the Court are Defendants Trevor Ratigan and Graig Brock's Motion to Dismiss Plaintiff's Complaint (Doc. 18) and Defendant Jean Astreide's Motion to Dismiss Plaintiff's Complaint (Doc. 37).

### **Background**

Sher'mon Allen is a Florida Department of Corrections (FDOC) prisoner. Brock was Allen's classification officer at Charlotte Correctional Institution, and Ratigan and Astreide were recreation officers. The events underlying this action occurred at Charlotte C.I., but Allen was transferred to a different facility before he filed the Complaint. The Court recounts the factual background as pled in Allen's Complaint, which it must take as true to decide whether the Complaint states a plausible claim. *See Chandler v. Sec'y Fla. Dep't of Transp.*, 695 F.3d 1194, 1198-99 (11th Cir. 2012).

Allen claims he is under threat of a long-standing kill order from the Blood gang. On June 8, 2023, Allen testified in a deposition that a member of the Blood gang stabbed another inmate. Allen believed the deposition qualified him for protective management, and he explained the situation to Brock. Brock did not investigate Allen's claims and instead denied his request for protective management based on outdated information.

Six days later, on August 1, 2023, Astreide escorted Allen to the recreation yard. During the standard body search, Ratigan told Astreide to place Allen in a locked, single-man recreation cage. During recreation, Astreide unlocked Allen's cage and let in two inmates, who stabbed Allen six times. Astreide told the inmates that was enough, the inmates walked out, and Astreide locked the cage and sat down to eat his lunch. Allen renewed his request for protective management later that day. Brock denied the request on August 2, 2023.

Allen sues the defendants in their official and individual capacities for deliberate indifference under the Eighth Amendment and for violation of the Fourteenth Amendment's Equal Protection clause. The defendants assert sovereign immunity to the official-capacity claims, and they argue Allen fails to state a plausible Eighth or Fourteenth Amendment claim.

## Legal Standard

When considering a motion to dismiss under Rule 12(b)(6), courts must accept all factual allegations in the complaint as true and view them in a light most favorable to the plaintiff. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The preferential standard of review, however, does not let all pleadings adorned with facts survive to the next stage of litigation. The Supreme Court has been clear on this point—a district court should dismiss a claim when a party does not plead facts that make the claim facially plausible. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a court can draw a reasonable inference, based on facts pled, that the opposing party is liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678. This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)). And a plaintiff must allege more than labels and conclusions amounting to a formulaic recitation of the elements of a cause of action. *Twombly*, 550 U.S. at 555.

Allen files his Amended Complaint under 42 U.S.C. § 1983. To state a § 1983 claim, a plaintiff must allege that (1) the defendant deprived him of a right secured under the Constitution or federal law, and (2) the deprivation occurred under color of state law. *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (citing *Arrington v. Cobb Cty.*, 139 F.3d 865, 872 (11th Cir.

3

1998)). In addition, a plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. *Marsh v. Butler Cty., Ala.*, 268 F.3d 1014, 1059 (11th Cir. 2001).

Allen is representing himself in this action. Courts hold the pleadings of *pro se* litigants to a less stringent standard than pleadings drafted by attorneys. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). But courts do not have a duty to "re-write" a *pro se* litigant's complaint to find a claim. *See Washington v. Dep't of Children & Families*, 256 F. App'x 326, 327 (11th Cir. 2007).

**Discussion**

**A. Eleventh Amendment Immunity**

The defendants argue Eleventh Amendment immunity bars Allen from suing them in their official capacities. The Eleventh Amendment states, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Absent an abrogation of immunity by Congress or a waiver of immunity by the state being sued, the Eleventh Amendment is an absolute bar to suit by an individual against a state or its agencies in federal court. *See Edelman v. Jordan,* 415 U.S. 651, 662 (1974).

"When the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants." *Edelman,* 415 U.S. at 663. "Thus, the rule has evolved that a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment." *Id.* Congress has not abrogated Florida's immunity and Florida has not waived its Eleventh Amendment immunity. *See Carr v. City of Florence,* 916 F.2d 1521, 1525 (11th Cir. 1990). Consequently, Allen cannot sue the defendants for monetary damages in their capacity as state officials.

Allen argues his official-capacity claims should proceed because he seeks injunctive relief against the defendants. Indeed, the *Ex Parte Young* doctrine allows suits "for declaratory or injunctive relief against state officers in their official capacities." *Reed v. Goertz,* 598 U.S. 230, 234 (2023). But Allen does not request injunctive relief in his Complaint, and any claims for injunctive relief would be moot because Allen is no longer imprisoned at Charlotte Correctional Institution. *See Smith v. Allen,* 502 F.3d 1255, 1267 (11th Cir. 2007), *overruled and abrogated on other grounds* ("The general rule in our circuit is that a transfer or release of a prisoner from prison will moot that prisoner's claims for injunctive and declaratory relief."). The Court will thus dismiss Allen's official-capacity claims.

5

### B. Eighth Amendment

The Eighth Amendment's "prohibition of cruel and unusual punishment requires prison officials to 'take reasonable measures to guarantee the safety of the inmates.'" *Cox v. Nobles*, 15 F.4th 1350, 1358 (11th Cir. 2021) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). To succeed on a failure to protect claim, a plaintiff must show (1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the prison official was deliberately indifferent to the risk, and (3) the constitutional violation caused his injuries. *Id.* at 1357-58. Deliberate indifference is akin to subjective recklessness as used in criminal law. To establish deliberate indifference, a plaintiff "must show that the defendant was actually, subjectively aware that his own conduct caused a substantial risk of serious harm to the plaintiff." *Wade v. McDade*, 106 F.4th 1251, 1262 (11th Cir. 2024). A defendant was not deliberately indifferent if he responded reasonably to the risk. *Id.*

Each defendant argues Allen fails to allege facts that establish a plausible Eighth Amendment claim.

    i.    <u>Brock</u>

Allen alleges Brock rejected his request for protective management without investigating the reasons for Allen's request. Allen does not allege precisely what he reported to Brock, but the Court can reasonably infer that Allen told Brock the Blood gang had a kill order out on Allen and that Allen

recently testified that a Blood gang member stabbed another inmate. Six days later, two inmates stabbed Allen six times. Even then, Brock denied Allen's renewed request for protective management.

The Court finds these allegations and reasonable inferences sufficient to establish that Brock had subjective knowledge of a substantial risk to Allen's safety and that he responded recklessly by denying Allen's request for protective management without investigating Allen's claims. *See Farmer*, 511 U.S. at 842 ("Under the test we adopt today, an Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm."). Allen has stated a plausible Eighth Amendment claim against Brock.

    ii.    <u>Ratigan</u>

Allen alleges Ratigan searched him before he attended recreation on August 1, 2023, and told Astreide to put Allen in a particular recreation cage. The Court cannot infer from those facts that Ratigan knew Allen would be attacked and stabbed while in the cage. Allen has not plausibly alleged that Ratigan had subjective knowledge of a substantial risk to Allen's safety, or that he unreasonably disregarded such a risk. The Court will dismiss Allen's Eighth Amendment claim against Ratigan.

7

### iii. Astreide

Allen alleges Astreide unlocked his recreation cage and let in two unrestrained prisoners with homemade knives. Astreide watched the prisoners stab Allen six times before telling them that was enough. Then he let the prisoners out of the cage and sat down to eat lunch. These allegations are clearly enough to state an Eighth Amendment claim.

### C. Fourteenth Amendment

Allen also asserts an equal protection claim under the Fourteenth Amendment. To establish an equal protection claim, Allen must demonstrate that (1) he is similarly situated with prisoners who received more favorable treatment, and (2) the discriminatory treatment was based on a constitutionally protected interest, like race or gender. *Jones v. Ray,* 279 F.3d 944, 946-47 (11th Cir. 2001). Allen does not allege the defendants treated him differently than a similar situated inmate based on any protected interest. He has not stated an equal protection claim.

Accordingly, it is now

**ORDERED:**

Defendants Ratigan and Brock's Motion to Dismiss Plaintiff's Complaint (Doc. 18) and Defendant Astreide's Motion to Dismiss Plaintiff's Complaint (Doc. 37) are **GRANTED in part and DENIED in part**.

8

1. Allen's official-capacity claims, Fourteenth Amendment claims, and Eighth Amendment claim against Ratigan are **DISMISSED without prejudice**.

2. The Clerk is **DIRECTED** to terminate Ratigan as a party to this case.

3. Brock and Astreide must answer the Complaint within 14 days of this Order.

**DONE** and **ORDERED** in Fort Myers, Florida on October 24, 2024.

*SHERI POLSTER CHAPPELL*
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record

9